## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. WILCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-739-GMS |
| | ) |
| STATE OF DELAWARE, LT. CHERYL MORRIS, AND PERSONS UNKNOWN TO BE NAMED LATER, | ) ) ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Cheryl Morris, by and through her undersigned attorney, hereby answers plaintiff's Complaint (D.I.2) filed on November 19, 2007.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Denied that Plaintiff has exhausted available administrative remedies regarding the present claims. Plaintiff did not appeal from the grievance decision noted in his complaint.

### CLAIM ONE

2. Denied that on September 5, 2007 plaintiff was taken to the infirmary for food poisoning or transported to the hospital to have his stomach pumped.

3. Defendant lacks sufficient information at present to either admit or deny that an alleged blood test occurred on September 9, 2007, or that the results of the alleged test indicated plaintiff suffered from blood poisoning.

4. Defendant lacks sufficient information at present to either admit or deny that an alleged

- 3 -

nurse at the infirmary told plaintiff there was a lot of something happening and that it originated in the kitchen.

5. Defendant lacks sufficient information at present to either admit or deny that plaintiff eats only food prepared for the dining hall at the Delaware Correctional Center ("DCC").

6. Denied that improper food safety methods are practiced at the prison kitchen at the DCC.

7. Denied that there was "deliberate disregard" for the plaintiff's health and safety.

8. Admitted that defendant Morris is one of the food service supervisors in the kitchen.

9. Denied that defendant Morris is solely responsible for food safety in the DCC kitchen.

## CLAIM TWO

10. Denied that plaintiff was transported to an outside hospital.

11. Defendant lacks sufficient information at present to either admit or deny that plaintiff requested follow up medical treatment and has not received it.

12. Defendant lacks sufficient information at present to either admit or deny that plaintiff has alleged stomach pain and rapid weight loss related to any of the allegations contained in this complaint.

13. Defendant lacks sufficient information at present to either admit or deny that the plaintiff allegedly requested to be served "softer food" and that he alleged request has not been approved by the kitchen at the DCC.

## CLAIM THREE

14. Denied that the allegations contained in this complaint constitute deliberate indifference to plaintiff's alleged medical needs.

15. Denied that the defendant engaged in any actions that could constitute the deliberate indifference to plaintiff's alleged medical needs.

16. Denied that the plaintiff has stated a claim that is actionable under 42 U.S.C. § 1983.

17. The remaining allegations set forth in Plaintiff's Statement of Claim/Statement of Facts are denied.

## RELIEF

18. It is specifically denied that Plaintiff is entitled to any compensatory, punitive or monetary damages.

19. It is specifically denied that Plaintiff is entitled to any injunctive, declaratory or other relief.

## AFFIRMATIVE DEFENSES

20. Plaintiff has failed to state a claim upon which relief can be granted.

21. Plaintiff has failed to exhaust his administrative remedies.

22. This action and all claims are barred by the applicable statute of limitations.

23. Defendant Cheryl Morris is immune from liability under the Eleventh Amendment.

24. Defendant Cheryl Morris is entitled to qualified immunity.

25. As to any claims under state law, defendant Cheryl Morris is entitled to immunity under the State Tort Claims Act, 10 *Del. C.* §4001, *et. seq.*

26. As to any claims under state law, defendant Cheryl Morris is entitled to sovereign immunity.

27. Negligence is not a cause of action under 42 U.S.C. §1983.

28. Defendant Cheryl Morris in her official capacities is not liable for alleged violations of plaintiff's alleged constitutional rights as she is not a "person" pursuant to 42 U.S.C. §1983.

29. Defendant Cheryl Morris cannot be held liable under a theory of respondeat superior.

WHEREFORE, defendant Cheryl Morris respectfully requests that judgment be entered in her favor and against plaintiff as to all claims, and that attorney fees be awarded to her.

                        STATE OF DELAWARE
                        DEPARTMENT OF JUSTICE

                        /s/ **Kevin R. Slattery**
                        Kevin R. Slattery (ID # 2297)
                        Deputy Attorney General
                        Delaware Department of Justice
                        Carvel State Office Building
                        820 N. French Street, 6th Floor
                        Wilmington, DE 19801
                        (302) 577-8400
Date:  May 19, 2008           Attorney for defendant Cheryl Morris

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THOMAS A. WILCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-739-GMS |
| | ) |
| STATE OF DELAWARE, LT. CHERYL MORRIS, AND PERSONS UNKNOWN TO BE NAMED LATER, | ) ) ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 19, 2008, he caused the attached *Defendant's Answer* to be delivered to the following person by first class mail, postage prepaid:

>Thomas A. Wilcox
>SBI#449725
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>**STATE OF DELAWARE
>DEPARTMENT OF JUSTICE**
>
>**/s/ Kevin R. Slattery**
>Kevin R. Slattery (ID # 2297)
>Deputy Attorney General
>Delaware Department of Justice
>Carvel State Office Building
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8400

Date: May 19, 2008    Attorney for defendant Cheryl Morris

- 7 -